**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEORGE M. RICHARDSON,

    Plaintiff,

v.                                  Case No. 3:07-cv-940-J-32TEM

EMMA H. MORGAN, et al.,

    Defendants.

## ORDER[1]

This case comes before the Court on Defendants Emma H. Morgan and Artumus Holley's Motion to Dismiss (Doc. 7), Defendant Brian J. Davis' Motion to Dismiss (Doc. 13), and Plaintiff George M. Richardson's Motion for Default Judgment. (Doc. 14.)

### I. Background

The Court is required to take the factual allegations in the complaint as true; accordingly, these are the relevant facts. Plaintiff responded to an ad in the local newspaper and rented a trailer from Frank Morgan, Jr., on property owned by defendant Emma Morgan. The complaint alleges that this was done with Ms. Morgan's authorization. Plaintiff signed the lease with the understanding that certain improvements would be made to accommodate his disability. However, these

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

changes were not made and "Morgan" filed for an eviction. Some time later, Frank Morgan filed a criminal complaint for trespass against Plaintiff and he was arrested by the Nassau County Sheriff's Office. Along with police misconduct in relation to the decision to charge Plaintiff with criminal trespass, Plaintiff alleges that he was mistreated while in prison and in the eviction proceedings before defendant Judge Brian J. Davis.

Plaintiff sued Ms. Morgan, Artumus Holley, and Judge Davis in this Court on October 3, 2007. (Doc. 1.) While Plaintiff's complaint is not a model of clarity, the Court has carefully examined it to determine if any potential claim exists in support of federal jurisdiction. In that light, plaintiff alleges the possibility of a federal cause of action on three basis: (1) the American with Disabilities Act, 42 U.S.C. §§ 12101 et seq ("ADA"); (2) the Federal Fair Housing Act, 42 U.S.C. §§ 3601 et seq ("FHA"); and (3) various claims under the Fourteenth Amendment to the United States Constitution.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. See Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir. 1981). "A court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. See Steel Co. v. Citizens for a Better Env't., 523

U.S. 83, 94 (1998); see also University of S. Ala. v. The Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue").

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-1965 (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

### III. Discussion

The Court must hold Plaintiff's pro se pleading to a less stringent standard than might otherwise be applicable. Haines v. Kearner, 404 U.S. 519 (1972). Nevertheless, Plaintiff's case as currently framed cannot survive in federal court because it does not present a cognizable federal claim. First, Plaintiff asserts a violation of the ADA because his landlord did not accommodate his disability by making needed and promised modifications on the trailer. However, "[t]he ADA only regulates non-residential facilities." Thompson v. Sand Cliffs Owners Ass'n, Inc., 1998 WL 35177067, *3 (N.D. Fla. 1998). Accordingly, the ADA is inapplicable to Plaintiff's claims.

Plaintiff's constitutional claims, potentially based on the Fourteenth Amendment and perhaps brought under 42 U.S.C. § 1983, are also flawed. The Fourteenth Amendment "is restricted solely to wrongs committed by the State or on behalf of the State by its agents." Harris v. McDonald's Corp., 901 F. Supp 1552, 1557 (M.D. Fla. 1995) (citing United States v. Price, 383 U.S. 787, 794 n. 7 (1966)). Plaintiff does not allege that either Morgan or Holley were acting as arms of the State. While it is true that Judge Davis is a state court judge, he is entitled to judicial immunity because Plaintiff's claims against him are based solely on acts made in his judicial capacity. See Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). Therefore, the status of Judge Davis is insufficient to attach federal jurisdiction over Plaintiff's constitutional claims, and those claims must fail. Additionally, Judge Davis will be dismissed from

this case with prejudice.

Plaintiff also mentions the Federal Fair Housing Act as a potential basis for liability (and accordingly, federal jurisdiction). However, his precise claim under that act is unclear, as is whether that act is applicable here. Presumably, Plaintiff intends to invoke a provision of 42 U.S.C. § 3604 by alleging that Mr. Morgan's failed to make reasonable accommodations to the trailer which were required to accommodate Plaintiff's disability. However, the Federal Fair Housing Act provides an exemption to claims under that section for the owner of a single-family house sold or rented if that owner does not own more than three such houses at one time. See 42 U.S.C. § 3603(b). Despite Plaintiff only mentioning this claim briefly, the Court cannot be absolutely certain that it is frivolous in light of the facts presented by Plaintiff. Therefore, the Court is dismissing Plaintiff's Federal Fair Housing Act claim without prejudice and will allow Plaintiff an opportunity to replead and file an amended complaint.[2]

---

[2] The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original filings. Plaintiff is reminded that federal courts are courts of limited jurisdiction and his amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). Plaintiff must specify in the caption of his amended complaint all of the defendants he seeks to include in this action, and must properly and completely identify each defendant. If any named defendant is a governmental agency, it must be properly identified as such. Plaintiff must also set forth with specificity the nature of his causes of action and how each named defendant is involved in the alleged wrongdoing. Plaintiff is further advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...." Finally, Fed. R. Civ. P. 8(a)(3) requires a complaint to include "a demand

Accordingly, it is hereby

**ORDERED:**

1. Defendants Emma H. Morgan and Artumus Holley's Motion to Dismiss (Doc. 7) is **GRANTED WITHOUT PREJUDICE**.

2. Defendant Brian J. Davis' Motion to Dismiss (Doc. 14) is **GRANTED WITH PREJUDICE**. Final judgment in favor of Judge Davis will issue at this time.

3. Plaintiff George M. Richardson's Motion for Default Judgment (Doc. 14) is **MOOT**.

4. Plaintiff shall have until **April 3, 2008** to file an amended complaint under the Federal Fair Housing Act and any relevant state law claims. In the amended complaint, Plaintiff should eliminate the personal attacks and inappropriate language.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of March, 2008.

*[signature]*
**TIMOTHY J. CORRIGAN**
United States District Judge

jcd
Copies:

counsel of record
pro se party

---

for judgment for the relief the pleader seeks."