**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEORGE M. RICHARDSON,

    Plaintiff,

vs.                                                           CASE NO. 3:07-cv-940-J-32TEM

EMMA H. MORGAN,
ARTUMUS HOLLEY, AND
BRIAN J. DAVIS,

    Defendants.

_____

## **O R D E R**

This case is before the Court on Defendants' Motion to Compel Discovery and to Extend Deadlines (Doc. #28, Motion).[1] Plaintiff has not responded to the Motion, even though the deadline for doing so has expired.[2] Defendants assert that Plaintiff unilaterally cancelled his previously scheduled deposition and has since indicated that he shall never submit to being deposed (Doc. #28 at 1-2). Based on the foregoing, Defendants move the Court to compel Plaintiff to be deposed. The Court shall grant the Motion, in part, for the reasons stated below.[3]

---

[1] Defendants previously filed this motion as Document #27; however, it was neither signed, nor dated (*see* Doc. #27). Accordingly, Document #27 shall be stricken and deleted from the record.

[2] The Motion was filed October 23, 2008; therefore, any response in opposition would have been due on or before November 10, 2008.

[3] Defendants also move to extend the discovery and dispositive motions deadlines that were agreed to by the parties in their Case Management Report because the Court had yet to enter a Case Management and Scheduling Order (Doc. #28 at 2). The Court, however, has since entered a Case Management and Scheduling Order (Doc. #35). Accordingly, the Court does not believe an extension of the discovery and dispositive motions deadlines contained therein is necessary at this juncture. Therefore, the Court will deny Defendants' motion to extend the discovery and dispositive motions deadlines without prejudice. Defendants shall have leave to refile said motion if it later becomes necessary.

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

Moreover, Rule 30 of the Federal Rules of Civil Procedure provides: "A party may, by oral questions, depose any person, *including a party*, without leave of court. . . ." Fed.R.Civ.P. 30 (emphasis added). In addition, a "deponent's attendance may be compelled by subpoena under Rule 45." Fed.R.Civ.P. 30.

Although the Court recognizes Plaintiff is proceeding *pro se* and that he may not be aware of all the procedural rules that govern this action, a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District

of Florida.[4]  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  For the benefit of the parties, the Court will, forthwith, enter an Order to inform Plaintiff of some, but not all, of the procedural rules with which he must comply.

Upon due consideration, it is hereby **ORDERED:**

1. Defendants' Motion (Doc. #28) is **GRANTED to the extent that Plaintiff shall appear and be deposed at a mutually agreeable time and place <u>on or before January 7, 2009</u>**.

2. **Should Plaintiff fail to appear for said deposition**, Defendants may file a notice with the Court and **Plaintiff will be required to show cause as to why the case should not be dismissed**.

3. Defendants' motion to extend the discovery and dispositive motions deadlines is **DENIED without prejudice**, with leave to refile.

4. **Document #27 shall be <u>stricken and deleted</u> from the record**.

**DONE AND ORDERED** at Jacksonville, Florida this  9th  day of December, 2008.

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties

---

[4] The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.